**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| QUINCIE McCROREY MOFFATT ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 0:10-2738-CMC |
| vs. ) | |
| ) | |
| LAW OFFICES OF ) | **JURY DEMAND ENDORSED HEREON** |
| BRADLEY J. REPHEN, P.C., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, QUINCIE McCROREY MOFFATT, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendant, LAW OFFICES OF BRADLEY J. REPHEN, P.C., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3.      Plaintiff is an individual who was at all relevant times residing in Rock Hill, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a professional corporation of the State of New York, which is not licensed to do business in South Carolina and which has its principal place of business in New City, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about January 11, 2010, Defendant's representatives, including but not limited to individuals who identified themselves as Mark Cooper (hereinafter "Cooper") and Robert Stanley (hereinafter "Stanley"), began contacting Plaintiff by telephone, sometimes multiple times per day, in attempts to collect the aforementioned alleged debt.

8. During some of the aforementioned telephone conversations, Defendant's representatives used obscene and/or profane language when speaking with Plaintiff, threatened Plaintiff with arrest if she did not pay the alleged debt, and inferred that Plaintiff had committed a crime by not paying the alleged debt.

9. During one of the aforementioned telephone conversations, Defendant's representative stated to Plaintiff that she would go to jail if she did not pay the alleged debt and asked her what would happen to her children if she went to jail.

10. During another of the aforementioned telephone conversations, Plaintiff advised Defendant's representative that she was legally blind, to which he responded that he did not care about her disability.

11. Defendant never sent to Plaintiff the written notice required by 15 U.S.C. § 1692g(a). In addition, Defendant's representatives failed to advise Plaintiff during every communication with her that the communication was from a debt collector.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

    b. Representing or implying that nonpayment of the alleged debt would result in the arrest and imprisonment of Plaintiff, where such action was unlawful and Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    c. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7)

    d. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

    e. Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

   f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, QUINCIE McCROREY MOFFATT, respectfully prays for a judgment as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Attorney for Plaintiffs
PO Box 6276
Columbia, SC 29260-6276
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com

4